member of the Bar of this Court, it is ordered that his name be stricken from the roll of attorneys admitted to practice before the Bar of this Court. The rule to show cause, heretofore issued on October 21, 1985 [*ante*, p. 917], is hereby discharged.

No. D–528. IN RE DISBARMENT OF LARKIN. Disbarment entered. [For earlier order herein, see *ante*, p. 941.]

No. D–530. IN RE DISBARMENT OF SIEGFRIED. Scott Thomas Siegfried, of Wadsworth, Ohio, having requested to resign as a member of the Bar of this Court, it is ordered that his name be stricken from the roll of attorneys admitted to practice before the Bar of this Court. The rule to show cause, heretofore issued on November 4, 1985 [*ante*, p. 941], is hereby discharged.

No. D–538. IN RE DISBARMENT OF VETTER. It is ordered that William V. Vetter, of Tacoma, Wash., be suspended from the practice of law in this Court and that a rule issue, returnable within 40 days, requiring him to show cause why he should not be disbarred from the practice of law in this Court.

No. D–539. IN RE DISBARMENT OF MUELLER. It is ordered that Donald H. Mueller, of Milwaukee, Wis., be suspended from the practice of law in this Court and that a rule issue, returnable within 40 days, requiring him to show cause why he should not be disbarred from the practice of law in this Court.

No. D–540. IN RE DISBARMENT OF CHOSID. It is ordered that Richard G. Chosid, of Bloomfield Hills, Mich., be suspended from the practice of law in this Court and that a rule issue, returnable within 40 days, requiring him to show cause why he should not be disbarred from the practice of law in this Court.

No. D–541. IN RE DISBARMENT OF BOULDING. It is ordered that Calvin Roosevelt Boulding, of Houston, Tex., be suspended from the practice of law in this Court and that a rule issue, returnable within 40 days, requiring him to show cause why he should not be disbarred from the practice of law in this Court.

No. 84, Orig. UNITED STATES *v.* ALASKA. Application of the Special Master for award of interim compensation granted, and the Special Master is awarded interim compensation in the amount of $75,000 to be paid by the State of Alaska and the United States in equal portions. [For earlier order herein, see, *e. g.*, 465 U. S. 1018.]